# WHEELING.

## MILLER *v.* COX'S ADMR.

### July 17, 1876.

1876,
June Term.
1. A judgment obtained on twenty-first of August,1847,on which execution issues on twenty-sixth of August, 1847, which is placed in hands of sheriff same day, who returns money made, but who, afterwards, by leave of the court, makes an amended return, from which it appears that he had received no money, but had taken property and *choses in action* and credit upon his own indebtedness to the execution debtors: After this amended return was made the plaintiffs sued out a *scire facias* alleging that no execution had issued within a year: On the trial of this *scire facias*, the above facts appearing in evidence, the court, to whom the matter was submitted for trial, on the issues of payment and *nul tiel record*, entered judgment dismissing the *scire facias* with costs to defendant—HELD:

No error, and the judgment is affirmed.

*Supersedeas* to a judgment of the circuit court of Gilmer county, rendered on the fourth day of June, 1868, in a cause therein pending, wherein Jesse Miller, suing for the use of Samuel Hough and Richard Hough, was plaintiff, and John Greenleaves, administrator of Philip D. Cox, defendant. The cause reaches this Court upon the petition of the plaintiff below and the said Houghs.

The facts appear in the opinion of the Court.

The Hon. Chapman J. Stuart, judge of said circuit court, presided at the trial below.

*Caleb Boggess*, for the plaintiffs in error.

There was no appearance for the defendant in error.

EDMISTON, JUDGE:

It appears from the transcript of the record in this case that plaintiff obtained a judgment on the twenty-first day of August, 1847, against P. D. Cox, in the circuit superior court of law and chancery for the county of Gilmer, for the sum of $493.49, with interest, &c. On the fourteenth of June, 1853, the plaintiff sued out of the clerk's office of said court a writ of *scire facias* against said Cox, alleging that such judgment had been obtained on the day aforesaid for the sum aforesaid; yet execution of the debt, interest and costs aforesaid still remained to be made; but more than a year had passed since the judgment; therefore, at the instance of the plaintiff, said Cox was summoned to appear at July rules, next thereafter, to show cause, if any he could, why the plaintiff should not have execution on said judgment. When the *scire facias* was executed, and before the trial, the defendant pleaded payment and *"nul tiel record."*

On the trial the plaintiff exhibited his judgment and rested. The defendant gave in evidence an entry on the execution book which shows that an execution of *"fieri facias"* issued on said judgment on the twenty-sixth day of August, 1847, and was receipted for by G. W. Riddle, D. S., on the same day, and was returned by him money made—and he rested. Then the plaintiff gave in evidence a copy of an execution issued in the name of Jesse Miller, for the use of Hurst & Berry for the exact sum specified in the other execution, except that in the first a credit for $6.86 appeared to be entered in the judgment, but in the latter the credit appeared as an endorsement on the execution. This execution issued on the same day and was returnable to the same day that the one for the use of S. & R. Hough purported to have issued by the entry on the execution book; and was re-

ceived by G. W. Riddle, D. S., and had the same return, "money made." It was admitted that there was no judgment on which the latter execution could issue.

The defendant then introduced an order of said court entered on the fourteenth day of April, 1852, in these words: "Jesse Miller who sues for Samuel and Richard Hough vs. Barnabas Cook, Sheriff and others, his securities—upon a motion to recover money against the sheriff of Gilmer and his securities." "This day came the parties by their attorneys, and George W. Riddle deputy for Barnabas Cook, late sheriff of Gilmer, moved the court for leave to amend his return on an execution which issued from the clerk's office of this court on the twenty-sixth day of August, 1847, in the name of Jesse Miller for the use of Samuel and Richard Hough, for the sum of $493.49, with interest, &c., against the goods and chattels of P. D. Cox, returnable to the first Monday in October, 1847, which execution was returned 'money made,' by said Riddle, deputy for said Cook, and for the non-payment of the money on the said return on said execution. This motion is made to recover from the said sheriff and his securities, the amount and fifteen *per centum per annum* interest, which execution has been lost out of the possession of the clerk of this court, or mislaid, since the commencement of this motion." Upon consideration of said motion, leave was granted the officer to amend his return, which was then made and ordered to be recorded. The deputy then amended his return from which it appears that he had received no money from Cox on the execution; but had taken credit upon his individual indebtedness to Cox, for a large part of the execution, and had taken other property and *choses in action* for a sum sufficient to equal the execution, and that this was the only way in which he had collected the debt—the reason for returning the execution "money made." The sheriff also says, in his amended return, that he made this arrangement with Cox, with the knowledge and consent of the attorney for the plaintiff.

At the time of the trial of this case the plaintiffs had an order entered quashing the execution which had issued in the name of Jesse Miller, for the use of Hurst Berry.

This being all the evidence, the court entered a judgment dismissing the *scire facias,* with costs to the defendant.

The question here is, was this judgment correct or erroneous? It is claimed, *first,* by the plaintiff in error, that the court should have responded to the issues in its judgment; and, *secondly,* that the court erred in dismissing the *"scire facias"* after an appearance thereto and matters in bar thereof pleaded, upon which issues had been joined, and without objection to the same, all such, if any, having been waived on the record on the thirteenth of October, 1853:

*Third*—The court erred in not adjudging, from the evidence, that there was such record as pleaded, and, also, that the defendant had not paid the judgment, and not giving judgment for the plaintiff thereon against the defendant for the amount of the said judgment pleaded and costs.

The judgment may appear to be informal, but it is clearly right in substance. When we look to the evidence offered by the parties it appears that an execution did issue, corresponding with the judgment of the plaintiff, on the twenty-sixth day of August, 1847, only five days after the date of the judgment; that this execution went into the hands of the sheriff on the same day and was returned "money made;" that the sheriff afterward obtained leave of the court to amend that return, and that he made an amended return in April, 1852, from which it appeared that the sheriff and his securities were not liable to the plaintiff in his motion then pending to recover the amount of this particular execution, so returned, first by the deputy. The existence of the fact that an execution had issued within a year upon the plaintiff's judgment was clearly established by the evi-

1876.
June Term.
Miller
v.
Cox's Admr.

dence.  This being the fact the plaintiff had no right to sue out a *"scire facias"* to have execution awarded on the judgment.  All he had to do after the sheriff amended his return was to cause another execution to issue and to dismiss his *scire facias*, as well as his proceeding by motion, to recover the amount of the execution from the sheriff and his securities, based upon the first return of Riddle, as deputy.  Why should the court respond to the plea of "payment," or *"nul tiel record,"* under such circumstances?  It was certainly not error to do so.  It certainly would have been erroneous to have rendered judgment for plaintiff under the evidence in this case; and the proper judgment to be entered was that the *scire facias* be dismissed with costs to the defendant.

The judgment must be affirmed, with costs to the appellee, and $30 damages.

All the Judges concurred.

JUDGMENT AFFIRMED.